| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>SALDUTTI LAW GROUP<br>Rebecca K. McDowell, Esquire – RM3223<br>Andrew P. Chigounis, Esquire – AC5652<br>1040 Kings Highway North, Suite 100<br>Cherry Hill, NJ 08034<br>(856) 779-0300<br>Counsel for Plaintiff Maureen P. Steady,<br>Chapter 7 Trustee for the Estate of Reclaim Construction, LLC | |
| In Re:<br><br>Reclaim Construction, LLC<br><br>                  Debtor. | Case No.:  23-18330-JNP<br><br>Adv. No.:<br><br>Chapter:  7 |
| Maureen P. Steady, Chapter 7 Trustee for the Estate of Reclaim Construction, LLC,<br><br>                  Plaintiff,<br><br>v.<br><br>Reginald Deal; Tasia Deal, a/k/a Tasia Mayweather; and NJM Insurance Group, a/k/a New Jersey Manufacturers Casualty Insurance Co.,<br><br>                  Defendants. | Hrg Date:<br><br>Judge:  Hon. Jerrold N. Poslusny, Jr. |

# ADVERSARY COMPLAINT FOR RECOVERY OF PROPERTY OF THE ESTATE

NOW COMES Plaintiff, Maureen P. Steady, Chapter 7 Trustee for the Estate of Reclaim Construction, LLC ("Plaintiff"), by and through counsel, Saldutti Law Group, and for her Complaint against Reginald Deal; Tasia Deal, a/k/a Tasia Mayweather; NJM Insurance Group, a/k/a New Jersey Manufacturers Casualty Insurance Co. (collectively "Defendants") to recover property of the bankruptcy estate sets forth as follows.

## PARTIES

1. Plaintiff is the duly appointed Chapter 7 Trustee for the bankruptcy estate of Reclaim Construction, LLC ("Reclaim").

2. Reginald Deal ("Mr. Deal") is an individual residing at 556 Kali Rd., Sicklerville, New Jersey 08081.

3. Tasia Deal, a/k/a Tasia Mayweather ("Mrs. Deal") is an individual residing at 556 Kali Rd., Sicklerville, New Jersey 08081.

4. NJM Insurance Group, a/k/a New Jersey Manufacturers Casualty Insurance Co. ("Insurer") is an insurance company headquartered at 301 Sullivan Way, West Trenton, New Jersey, 08628.

5. Upon information and belief, Insurer is the insurance company that provided the funding for the work performed as described herein.

6. Upon information and belief, Mr. Deal and Mrs. Deal (collectively "Individual Defendants") are married to one another.

## JURISDICTION AND VENUE

7. Plaintiff hereby restates and incorporates the preceding paragraphs as though fully set forth at length herein.

8. This Court has jurisdiction of the within matter pursuant to 28 U.S.C. §§ 157(a), (b)(1), (b)(2), and the July 23, 1984 United States District Court for the District of New Jersey standing order of reference.

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

10. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), 157(b)(2)(E), and 157(b)(2)(O).

**FACTUAL BACKGROUND**

11. Plaintiff hereby restates and incorporates the preceding paragraphs as though fully set forth at length herein.

12. Prior to the bankruptcy filing, Reclaim operated as a general contractor.

13. Mr. Deal is the sole owner of real property located at 556-A Kali Rd., Sicklerville, New Jersey ("Property").

14. The Individual Defendants reside at the Property.

15. On or about January 28, 2022, the Property suffered extensive fire damage requiring repair and/or reconstruction.

16. Defendants solicited Reclaim to work on the Property.

17. In or around February 2022, Defendants retained Reclaim to repair and/or reconstruct the Property ("Project").

18. In connection with the Construction Project, Reclaim met with the Individual Defendants and reviewed the scope of work necessary for the Project.

19. Reclaim provided the Individual Defendants with an estimate of projected costs and amounts to be paid for the Project ("Estimate").

20. Reclaim provided the Estimate to Insurer.

21. On or about May 12, 2022, the Individual Defendants executed a Contract, Work Authorization, and Payment Schedule ("Contract") with Reclaim.

22. Under the terms of the Contract, payments were to be made in stages, as follows:

   a. $150,000 to be paid prior to the start of construction;

   b. $75,000 to be paid upon completion of framing, cleaning, and odor sealing;

   c. $75,000 to be paid upon completion of rough plumbing, electrical, and HVAC;

   d. $75,000 to be paid upon completion of drywall and finish carpentry;

   e. $75,000 to be paid upon completion of flooring and painting; and

   f. $60,651.17 to be paid upon satisfactory completion of the Project,

("Payment Terms").

 23. The Contract further provided that the Individual Defendants consented to Insurer paying Reclaim directly pursuant to the policy, and any uncovered amounts would be paid by Defendants to Reclaim within fifteen days of invoicing.

 24. Insurer pre-approved all of Reclaim's work on the Project.

 25. Insurer released approximately $280,000 directly to the Individual Defendants to apply to the costs of the Project.

 26. On or about May 19, 2022, the Individual Defendants paid $150,000 to Reclaim as required by the Contract.

 27. Reclaim commenced work on the Project, including $16,350.00 worth of work under various change orders submitted by Defendants.

 28. Reclaim's work on the Project passed all municipal and insurance inspections.

 29. On or about September 15, 2022, the Individual Defendants remitted $75,000 pursuant to the Contract.

 30. Thereafter, Defendants requested that Reclaim proceed with the Project.

 31. Reclaim completed rough plumbing, electric, and HVAC, such that the third payment due under the Contract in the amount of $75,000.00 came due.

 32. Thereafter, Defendants made a partial payment of $11,700.00.

 33. Reclaim made repeated demand for the remaining balance of $63,300.00; however, the funds were never paid to Reclaim.

34. On or about February 9, 2023, the Individual Defendants attempted to terminate the Contract.

35. The Project was not completed.

36. Reclaim did perform all work through and including rough plumbing, electric, and HVAC, for which $75,000.00 was owed but only $11,700.00 was paid.

37. The Individual Defendants owe $63,300.00 to Reclaim.

38. Upon information and belief, Insurer is responsible for remitting $63,300.00 to Reclaim in the event of non-payment by the Individual Defendants.

39. Reclaim filed the underlying bankruptcy case on September 25, 2023 ("Petition Date").

40. Plaintiff was appointed Chapter 7 Trustee for Reclaim's bankruptcy estate ("Estate").

### COUNT I – TURNOVER OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. § 542 – INDIVIDUAL DEFENDANTS

41. Plaintiff hereby restates and incorporates the preceding paragraphs as though fully set forth at length herein.

42. Pursuant to 11 U.S.C. § 541, property of the estate includes all legal or equitable interests of the debtor in property as of the commencement of the case.

43. Property of the estate includes receivables.

44. Pursuant to 11 U.S.C. § 542(b), an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order shall pay such debt to the trustee.

45. As of the Petition Date, the Individual Defendants owed Reclaim $63,300.00 for the work performed by Reclaim under the terms of the Contract.

46. Plaintiff made formal written demand upon the Individual Defendants for turnover of the funds, but no response was forthcoming.

47. Defendants received the funds from the Insurer to pay Reclaim but kept the funds for their own personal use.

## COUNT II – TURNOVER OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. § 542 – INSURER

48. Plaintiff hereby restates and incorporates the preceding paragraphs as though fully set forth at length herein.

49. Plaintiff believes and therefore avers that under the terms of the Individual Defendants' homeowners' policy, the insurance proceeds for the Project were assigned to Reclaim.

50. Plaintiff believes and therefore avers that Insurer wrongfully remitted significant insurance proceeds to the Individual Defendants before the Project was complete.

51. Plaintiff believes and therefore avers that Insurer is obligated to pay Reclaim for the unpaid amounts due for the Project.

WHEREFORE, Plaintiff Maureen P. Steady, Chapter 7 Trustee for the Estate of Reclaim Construction, LLC, demands entry of judgment in favor of the Estate and against Defendants Reginald Deal; Tasia Deal; and NJM Insurance Group, a/k/a New Jersey Manufacturers Casualty Insurance Co., jointly and severally, in the amount of $63,300.00, and that such judgment further order Defendants to immediately turn over such funds to the Estate.

> Respectfully submitted,
> SALDUTTI LAW GROUP
> Counsel for the Plaintiff
>
> */s/ Rebecca K. McDowell*
> REBECCA K. MCDOWELL, ESQ.

Dated: April 4, 2024